UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**NEPVEUX, INC.**                          **CASE NO. 6:18-CV-00467**

**VERSUS**                               **UNASSIGNED DISTRICT JUDGE**

**MOBIL EXPLORATION & PRODUCING NORTH AMERICA, ET AL.**      **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge is the Motion to Remand filed by plaintiff, Nepveux, Inc. [Rec. Doc. 13]. The motion is jointly opposed by defendants Mobile Exploration & Producing North America, Inc. ("MEPNA"), Mobile Oil Exploration and Producing Southeast, Inc. ("MOEPSI"), and SWN Production Company, LLC ("SWN") (collectively, "defendants") [Doc. 18], and the plaintiff has filed a reply brief [Doc. 21]. For the following reasons, the undersigned recommends that the motion to remand be GRANTED, and that this matter be remanded to the 15th Judicial District Court, Parish of Acadia, State of Louisiana.

### PROCEDURAL BACKGROUND

The facts relevant to the instant motion are not disputed. The plaintiff corporation owns land in the Bosco Oil and Gas Field in Acadia Parish, Louisiana.

The plaintiff alleges that hidden but recently discovered groundwater contamination is beneath the property. Plaintiff's predecessors-in-title and incorporators[1] first learned of this groundwater contamination while discussing a February 7, 2018, ICON Report of Initial Sampling with their attorney. Immediately after learning of the groundwater contamination, plaintiff's predecessors-in-title formed Nepveux, Inc., a Texas corporation, on February 22, 2018, and, effective the same day, assigned their 100% ownership interest in the property and any and all claims related to the contaminated land to the newly formed corporation. The "Assignment and Conveyance" of the property, duly recorded in the Acadia Parish Recording Page, states that the Assignors – Aaron Nepveux, Louis Nepveux, and Connie Arceneaux, all residents of the state of Louisiana – "do hereby transfer, assign, convey, and deliver . . . unto NEPVEUX, INC., a Texas corporation . . . "all of their interest and rights in" the property at issue in the instant litigation. The Assignment and Conveyance goes on to state:

> This transfer includes all rights in the subject property, including but not limited to rights of action and causes of action in tort, contract, Mineral Code, regulatory and other applicable law(s) to recover money damages, contamination cleanup, mandatory injunction, prohibitory injunction, and/or any other remedy available to address environmental damage to soil and groundwater on or adjacent to the aforesaid transferred property. This assignment specifically, but without limitation, assigns all rights under Act 312, La. R.S. 30:29,

---

[1] The plaintiff Texas corporation was formed by three residents of the state of Louisiana.

2

The Groundwater Act, La. R.S. 30:2015.1, The Conservation Act, La. R.S. 30:29, et seq., and The Environmental Quality Act, La. R.S. 30:2001, et seq., and related regulations, including the right to recover attorney fees and expenses."[2]

The assignment became effective on February 22, 2018.

Six days later, on February 28, 2018, Nepveux, Inc. – now sole owner of the contaminated land and all associated claims – sued defendants in the Fifteenth Judicial District Court of Louisiana to have its property cleaned up and brought into compliance with state law. On April 6, 2018, defendants removed the matter to this Court. In their Notice of Removal, defendants argue that at the time of removal, the Acadia Parish Conveyance Records and Assessor's Records contained no record of any transfer of the property from the individuals to the plaintiff corporation, and that, therefore, the Court should look to the citizenship of the individuals transferring their interests to the corporation instead of the citizenship of corporation itself.

In the instant motion, plaintiff argues the matter should be remanded to state court on grounds the parties are not diverse in this matter. The plaintiff corporation has Texas citizenship as a corporation organized under the laws of the state of Texas, while the defendants are Texas corporations. The defendants

---

[2] *See* Acadia Reporting Page and attached "Assignment and Conveyance," attached as Exhibit 2 to the motion to remand [Doc. 13].

acknowledge that all parties to this lawsuit are citizens of Texas for purposes of determining diversity jurisdiction, but argue that the Court should ignore the citizenship of the plaintiff corporation, because the "shell [plaintiff] corporation" was formed solely to defeat diversity jurisdiction. After review of the relevant jurisprudence, the undersigned finds the arguments of the defendants are not supported.

## DISCUSSION

It is well-settled that federal courts are courts of limited jurisdiction, and therefore, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). The party seeking removal bears the burden of establishing that federal jurisdiction exists. *Boone v. Citigroup, Inc.*, 416 F.3d 182, 188 (5th Cir. 2005); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt regarding whether federal jurisdiction exists following removal must be resolved against a finding of federal jurisdiction. *Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

28 U.S.C. §1332 grants district courts subject matter jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000. If the plaintiff in this matter is recognized as a validly formed Texas

corporation, and therefore a citizen of Texas, diversity jurisdiction is destroyed and this matter must be remanded.

The Supreme Court case of *Provident Sav. Life Assurance Soc'y of N.Y. v. Ford*, 114 U.S. 635 (1885) is instructive. *Provident* involved an action to collect on a judgment where, one month after obtaining the judgment in federal court, the judgment creditor assigned 100% of his interest in the judgment to Ford, a non-diverse entity, "together with all his rights and claims thereunder." 114 U.S. at 637. Ford, as current owner of the judgment, then sued to collect the judgment in a separate state court action. The defendant removed the matter arguing that diversity jurisdiction existed because the assignment was fraudulent and the real party in interest was the original judgment creditor. The Supreme Court disagreed, stating:

> **The plain answer to this position is that the action was nevertheless Ford's, and as against him there was no right of removal**. … [I]f it could be shown that the assignment was fraudulent as against the defendant, it would be void, and this fact would be a defense to the action brought by the assignee. … [I]t would be a defense to the action, and not a ground of removing that cause into the federal court. (*emphasis supplied*)

*Provident*, 114 U.S. at 640. *But see Grassi v. CIBA-GEIGY, Ltd.*, 894 F.2d 181 (5th Cir. 1990) (finding that decision of the district court denying a motion to remand where the court found the overriding motive behind plaintiffs' assignment to Costa

Rican corporation of 2% interest in their claim against Swiss corporation was desire to remain in state court by destroying diversity jurisdiction, was not clearly erroneous and that denial of motion to remand was proper).

The defendants cite *Grassi* in support of their argument that the citizenship of Nepveux should be disregarded. However, *Grassi* involved the plaintiffs' assignment to a Costa Rican corporation of only 2% of the plaintiffs' interest in their claim against another corporation. The Fifth Circuit specifically held in *Grassi* that "*Provident* and its progeny thus stand, where assignments of a complete cause are concerned . . ." 894 F.2d at 183.

In *Gulf Hydrogen and Energy, Inc. v. Eastman Chem. Co.*, 2013 WL 5945671 (S.D. Tex. Nov. 5, 2013), a case with a factually similar procedural posture, the court specifically held that the motivation behind a conversion of a corporation's citizenship one day prior to filing suit could not be considered when determining whether a court had diversity jurisdiction. Rather, the *Gulf Hydrogen* Court accepted the plaintiff's citizenship at the time of removal and remanded the matter. Citing the Supreme Court case of *Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co.*, 276 U.S. 518, 524, 48 S.Ct. 404, 405, 72 L.Ed. 681 (1928), the court explained:

> In that case, a Kentucky corporation had formed a Tennessee corporation of the same name and had transferred all of its assets to

6

that Tennessee corporation before filing suit in a Tennessee federal court against a Kentucky corporation regarding business activities that took place in Kentucky. The Court held:

> The motives which induced the creation of respondent to become successor to its Kentucky grantor and take a transfer of its property have no influence on the validity of the transactions which are the subject of the suit. The succession and transfer were actual, not feigned or merely colorable. In these circumstances, courts will not inquire into motives when deciding concerning their jurisdiction.

*Gulf Hydrogen*, 2013 WL 5945671, at *2–3 (S.D. Tex. Nov. 5, 2013), citing *Black & White Taxicab*, 276 U.S. at 524.

In the instant case, the defendants have not offered any basis for determining that Plaintiff's predecessors-in-title's assignment and conveyance of their 100% interest in the property and claims or causes of action for tort or environmental damage to Nepveux was not a lawful exercise of its rights under Louisiana law, or involved an incomplete transfer of its assets, including the cause of action brought in this case. The jurisdictional inquiry is limited to the fact of relocation and the intended and presumed permanency of that relocation; it does not include consideration of the motivation for making that change.

After a review of the record in this matter and applicable law, it is clear to the undersigned that the individual landowners completely and legally assigned their 100% interest in the property in question and all of its claims to Nepveux

7

prior to the filing of the instant lawsuit. Thus, Nepveux has Texas citizenship, which destroys complete diversity in this matter and requires a remand of this case to state court.

Finally, because an inquiry into the motive behind the reasons for the transfer are not relevant to the matter of the jurisdictional inquiry before the Court, jurisdictional discovery on the issue will not be permitted. *See 6200 GP, LLC v. Multi Serv. Corp.*, 20154 WL 12668504 *1 (N.D. Tex. Mar. 3, 2014) (denying defendants' motion for jurisdictional discovery, noting "because the transferor's motive is not relevant to the Court's determination of jurisdiction under the circumstances [a complete assignment] of this case, the Court finds that discovery on the issue serves no purpose and denies [movant's] request.").

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that Motion for Remand filed by plaintiff, Nepveux, Inc. [Rec. Doc. 13] be **GRANTED** and this action be **REMANDED** to the 15th Judicial District Court in and for the Parish of Acadia, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 16th day of August, 2018.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**